UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER KELLMAN,

                Petitioner,                Case No. 1:13-cv-133

v.                                                    Honorable Paul L. Maloney

LINDA TRIBLEY,

                Respondent.
_____/

## **ORDER TO STAY**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Christopher Kellman, who is represented by counsel, asserts several grounds for relief, some of which were raised in the Michigan appellate courts on direct appeal and others of which were first raised in state court after the conclusion of those appellate proceedings, in a post-conviction motion for relief from judgment pursuant to Rule 6.500 of the Michigan Court Rules. Petitioner asserts that he filed the foregoing motion approximately one day before expiration of the statute of limitations period in 28 U.S.C. § 2244(d)(1).[1] The motion was denied by the circuit court, but Petitioner asserts that he timely filed an application for leave to appeal the circuit court's decision to the Michigan Court of Appeals. After the Michigan Court of Appeals denied leave to appeal, Petitioner asserts that he timely filed an application for leave to appeal to the Michigan Supreme Court. After the Michigan Supreme Court denied leave to appeal on November 20, 2012,

---

[1]Assuming that it was "properly filed," the motion for relief from judgment tolls the statute of limitations period for as long as the motion is "pending" in state court. *See* 28 U.S.C. § 2244(d)(2).

Petitioner filed a motion for reconsideration of that decision on December 11, 2012. The latter motion is still pending before the Michigan Supreme Court. Petitioner filed the instant petition on January 22, 2013, requesting a stay and abeyance in this action because the Michigan Supreme Court has not yet ruled on his motion for reconsideration.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

It appears that Petitioner has some claims that are exhausted and some that are not; thus, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to exhaust state-court remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court

ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Under *Rhines v. Weber*, 544 U.S. 269 (2005), however, a stay should only be granted if (1) there is good cause for Petitioner's failure to exhaust the unexhausted claims, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that Petitioner has engaged in abusive or dilatory litigation tactics. *Id.* at 277-78.

Applying the foregoing standards, the Court finds that a stay is warranted. Therefore:

**IT IS ORDERED** that Petitioner's action is **STAYED** until Petitioner files a motion to lift the stay. Such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court regarding Petitioner's motion for relief from judgment.

**IT IS FURTHER ORDERED** that if Petitioner fails to comply with the deadlines imposed in this order, the Court may dismiss the petition.

**IT IS FURTHER ORDERED** that this case shall be administratively closed until such time as Petitioner files a motion to life the stay in accordance with the procedures set forth in this order.

Dated:  March 1, 2013                             /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge