UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHRISTOPHER KELLMAN,

          Petitioner,          Case No. 1:13-cv-133

v.                                  Honorable Paul L. Maloney

LINDA TRIBLEY,

          Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner, through retained counsel, pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition must be dismissed because it is barred by the statute of limitations.

## Discussion

I.      Background

Petitioner is a state prisoner incarcerated by the Michigan Department of Corrections at the Ojibway Correctional Facility. In 2007, following a jury trial in Grand Traverse County Circuit Court, he was convicted of two counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(b), and sentenced to concurrent prison terms of eight to twenty-two and a half years for each count.

Petitioner appealed the judgment of conviction and sentence to the Michigan Court of Appeals, which affirmed the trial court's judgment on August 19, 2008. Sometime thereafter, Petitioner retained attorney David L. Moffitt (the same attorney representing Petitioner in the instant action) to represent him in further proceedings. Petitioner sought leave to appeal to the Michigan Supreme Court, raising for the first time several issues regarding the allegedly ineffective assistance of his trial and appellate counsel. The Michigan Supreme Court denied leave to appeal on January 27, 2009. Petitioner then filed a motion for reconsideration, which was denied by Michigan Supreme Court on June 23, 2009. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.

Over a year later, on September 21, 2010, Petitioner filed several motions in the trial court, including a motion for a new trial under subchapter 6.500 of the Michigan Court Rules, reasserting several issues that were first presented on direct appeal in his application to the Michigan Supreme Court. The post-judgment motions were denied. Petitioner appealed that decision to the Michigan Court of Appeals, which denied leave to appeal on May 21, 2012, and denied a motion for

reconsideration on July 3, 2012. Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave on November 20, 2012.

On December 11, 2012, Petitioner moved for reconsideration of the Michigan Supreme Court's decision. On January 22, 2013, while his motion for reconsideration was still pending in the Michigan Supreme Court, he filed the petition in the instant action (docket #1), asserting the following grounds for relief:

    I.    PETITIONER WAS DENIED A RIGHT TO A FAIR TRIAL WHERE THE TRIAL COURT ABUSED ITS DISCRETION BY PERMITTING THE PROSECUTOR'S CROSS-EXAMINATION OF DEFENDANT, OVER DEFENDANT'S OBJECTION, CONCERNING ALLEGED "SIMILAR ACTS" WITH KIMBERLY GATZKE THAT WERE NEITHER "SIMILAR" NOR EVER PROVEN

    II.    PETITIONER WAS DENIED A FAIR TRIAL BY THE PROSECUTOR'S MISCONDUCT IN INTRODUCING IN BAD FAITH "PRETEXT" EVIDENCE FAR MORE PREJUDICIAL THA[N] PROBATIVE REGARDING DEFENDANT'S [AT BEST CONJECTURAL] INTERACTIONS WITH KIMBERLY GATZKE

    III.    TRIAL JUDGE'S ABANDONMENT OF IMPARTIALITY IN IMPERMISSIBLY ASSISTING PROSECUTOR TO FIND . . . A VENUE TO BOOTSTRAP JUSTIFICATION OF EXAMINATION OF DEFENDANT REGARDING SO-CALLED "OTHER ACTS" VIOLATED MCJC AND WAS AN ABUSE OF DISCRETION DENYING PETITIONER A FAIR TRIAL

    IV.    SENTENCING NOT BASED SOLELY ON FACTS FOUND BEYOND A REASONABLE DOUBT BY A JURY VIOLATED PETITIONER'S SUBSTANTIVE DUE PROCESS RIGHTS

    V.    PETITIONER WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL BY APPOINTED COUNSEL'S:

    [A] WAIVER OF PRELIMINARY EXAM BASED UPON THE MISTAKEN BELIEF THAT PROSECUTRIX WHO TESTIFIED AT EXAM WOULD THEREFORE NOT APPEAR AT TRIAL TO TESTIFY;

[B] FOREGOING ANY POLYGRAPH EXAMINATION BECAUSE APPOINTED COUNSEL DID NOT HAVE THE RESOURCES TO PRIVATELY PRE-TEST PETITIONER;

[C] INSISTING UPON REJECTION OF HIGH MISDEMEANOR PLEA BARGAIN AND GOING TO TRIAL BECAUSE HE SUPPOSEDLY HAD A 'STRONG CASE,' [EVEN THOUGH NO PRELIMINARY EXAM HELD TO TEST PROSECUTRIX'S STORY OR DEMEANOR] AND THEN FAILING TO PREPARE FOR THE TRIAL BY:

> [1] NOT COMING TO SEE INCARCERATED CLIENT . . . IN THE MONTH BEFORE TRIAL;
>
> [2] SPENDING ONLY 10 MINUTES IN A [SHERIFF-RECORDED] "COLLECT FROM JAIL" PHONE CALL TO PREPARE A PROPOSED JURY-TRIAL DIRECT EXAM OF DEFENDANT IN A CSC CASE;
>
> [3] FAILING TO ADEQUATELY INTERVIEW CLIENT TO DISCOVER THAT HE WAS UNABLE TO RECALL EVENTS SUFFICIENTLY, BECAUSE OF PAIN KILLER DRUG AND ALCOHOL CONSUMPTION, AND RISKING OFFERING HIS DIRECT TESTIMONY IN A ONE-ON-ONE CREDIBILITY CONTEST, WHERE IT IS AXIOMATIC THAT THE PARTY UNABLE TO SPECIFICALLY RECALL EVENTS IS AT AN INSUPERABLE DISADVANTAGE IN ATTEMPTING TO OFFER CREDIBLE AND EFFECTIVE DIRECT TESTIMONY;
>
> [4] NOT SEEKING AN EXPERT OR PRIVATE INVESTIGATOR AT COURT EXPENSE TO INTERVIEW WITNESSES OR DEVELOP TRIAL IMPEACHMENT;

[D] . . . FAIL[ING] TO PROVIDE EFFECTIVE REPRESENTATION AT SENTENCING BY CONCEDING TO THE SCORING OF 25 POINTS ON OV-11 AND BY NOT OBJECTING OR SEEKING FURTHER REVIEW OF . . . THE ERRORS DISCUSSED PREVIOUSLY [IN THE PETITION].

[E] [NOT] SEEKING SUPPRESSION OF *MIRANDA* VIOLATIVE ALCOHOL- & PAIN- CONFUSED MENTAL STATE INTERROGATION, & 4 DAY COERCIVE Rx DEPRIVED INCOMMUNICADO JAIL STAY INTERROGATION, USED BOTH AS SUBSTANTIVE EVIDENCE & TO BOOTSTRAP UNLAWFUL MRE 404 EVIDENCE

VII. THE PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF [APPELLATE] COUNSEL WHERE APPOINTED COUNSEL . . . FAILED TO SUFFICIENTLY INTERVIEW THE CLIENT TO LEARN OF THE FOREGOING OMISSIONS OF APPOINTED COUNSEL OR FAILED TO BRIEF THEM

VIII. THE VOLUME OF ERRORS AND MISCONDUCT HAS A CUMULATIVE EFFECT TO HAVE DENIED DUE PROCESS GREATER THAN ANY OF THE INDIVIDUAL ERRORS AND VIOLATIONS ALONE

(Pet., docket #1, Page ID##33-35.) Petitioner also asserts several claims of error in the state court's disposition of his post-conviction motions.[1] (*See id.* at Page ID##35-36.)

Petitioner contended that the foregoing grounds for relief were exhausted "in the state court on direct appeal and in subsequent post-judgment proceedings." (*Id.* at Page ID#33.) However, he characterized his application for habeas corpus relief as a "'protective' writ" because the proceedings on his post-conviction motions were still pending in the Michigan Supreme Court. The petition asserts that Petitioner had "only a day or so" remaining in the statute of limitations in 28 U.S.C. § 2244(d). (Pet., docket #1, Page ID#5.) He requested that the Court hold his petition in abeyance pending the resolution of his motion for reconsideration in the Michigan Supreme Court.

On March 1, 2013, the Court granted Petitioner's request, entered a stay, and ordered Petitioner to return to this Court with a motion to lift the stay not later than thirty days after the

---

[1]This report and recommendation does not list these grounds, because they are not cognizable in this action. The Sixth Circuit has consistently held that "errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *see Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002). States have no constitutional obligation to provide post-conviction remedies. *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Thus, an error in post-conviction proceedings does not undermine the validity of a conviction or entitle the petitioner to release from confinement. *Cress*, 484 F.3d at 853; *see Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) (habeas corpus cannot be used to challenge errors in post-conviction proceedings).

Michigan Supreme Court issued its decision (docket #6). The Court warned Petitioner that failure to comply with the terms of the stay order could result in dismissal of the petition. (*Id.*)

The Michigan Supreme Court subsequently denied Petitioner's motion for reconsideration on May 28, 2013. Now before the Court are Petitioner's motion to extend the Court's thirty-day filing deadline (docket #8), and Petitioner's notice of the Michigan Supreme Court's decision and motion to lift the stay (docket #9), both of which were filed on or after August 14, 2013.[2]

II. Exhaustion

In its March 1, 2013 order, the Court concluded that Petitioner's habeas application was not fully exhausted. Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Generally, a habeas petition must be denied on exhaustion grounds when an appeal challenging the conviction is still pending in the state courts. *See Juliano v. Cardwell*, 432 F.2d 1051 (6th Cir. 1970) (dismissing petition for failure to exhaust because an appeal from the denial of a post-conviction motion was still pending in the state's supreme court); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) (dismissing habeas petition for lack of exhaustion because a petition for post-conviction relief was pending in the state's appellate court); *accord Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas

---

[2]Petitioner initially filed a notice and motion to lift the stay on August 14, 2013. He filed a corrected version on August 16, 2013.

corpus has been finally settled in the state courts."); *Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (5th Cir. 1983) (dismissing petition for lack of exhaustion because a collateral attack on the conviction was still pending in the state's appellate courts). The rationale behind this rule is that the appeal may result in the reversal of the petitioner's conviction, thereby mooting any federal question. *Tomkins*, 716 F.2d at 634; *Garrett v. Larson*, No. 2:13–CV–11339, 2013 WL 1681258, at *2 (E.D. Mich. Apr. 17, 2013).

Petitioner was not obligated to seek reconsideration of the Michigan Supreme Court's decision in order to fully exhaust his claims. *See, e.g., Tuggle v. Seabold*, 806 F.2d 87, 91 (6th Cir. 1986) ("Once an issue . . . has been presented to the State's highest court, the doctrine of exhaustion of remedies does not require future repetitive presentations . . . through a variety of successive motions."). But once he availed himself of that remedy, the exhaustion process was not complete until the State supreme court ruled on his motion. *See Puertas v. Overton*, 272 F. Supp. 2d 621, 627 (E.D. Mich. 2003) (finding that the exhaustion requirement was not satisfied because a motion for reconsideration was still pending in the Michigan Supreme Court). *Cf. McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) (stating that a habeas petitioner's "direct review" concluded when the Michigan Supreme Court refused to reconsider its decision denying leave to appeal). Consequently, Petitioner's application for habeas corpus relief was subject to dismissal for failure to exhaust when it was filed.

However, because the habeas statute imposes a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal for lack of exhaustion often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the

pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to petitions containing unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a petition containing unexhausted claims could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted portion and stay further proceedings on the remaining claims until the petitioner has exhausted all of his claims in the state court. *Id.*; *see Rhines v. Weber*, 544 U.S. 269, 278-79 (2005) (approving a stay-and-abeyance procedure similar to that in *Palmer*). The court in *Palmer* held that thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721.

Dismissal of Petitioner's action would have jeopardized the timeliness of a subsequent petition because, as indicated in the next section, Petitioner did not have sufficient time remaining in his statute of limitations period to return to this Court after exhaustion of his claims.

### III. Statute of Limitations

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As indicated, Petitioner appealed his conviction on direct review to the Michigan Court of Appeals and then to the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on January 27, 2009, but direct review of his judgment of conviction concluded when the State supreme court denied his motion for reconsideration on June 23, 2009. *See McClendon*, 329 F.3d at 493. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on September 21, 2009. Thus, absent tolling, Petitioner had one year from that date, or until September 21, 2010, to file his habeas application.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Assuming that it was properly filed, Petitioner's post-conviction motion under Rule 6.500 of the Michigan Court Rules tolled the statute of limitations on the date that it was filed. Petitioner filed his Rule 6.500 motion on September 21, 2010, the last day of the statute of limitations period. The limitations period was tolled while the proceedings on that motion remained pending, that is, until the Michigan Supreme Court denied his motion for reconsideration on May 28, 2013. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (holding that a motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review); *cf. Lawrence*, 549 U.S. at 332 ("State review ends when the state courts have finally resolved an application for state postconviction relief.").

Without the stay order, Petitioner would have had no more than a day to file a fully-exhausted federal habeas petition after the Michigan Supreme Court entered its order. The stay order equitably tolled the limitations period by up to thirty days to allow Petitioner to return to this Court with a fully-exhausted petition. *See Griffin v. Rogers*, 308 F.3d 626, 653 (6th Cir. 2005) (holding that the period provided in *Palmer* amounts to a mandatory period of equitable tolling). Petitioner failed to return to the Court within that time period. He should have filed his motion to lift the stay on or before June 28, 2013; instead, he filed it on August 14, 2013, approximately six weeks after the deadline. As a result, his petition is untimely. *See Lang v. Mackie*, No. 2:08-CV-12621, 2013

WL 1914247, at *4 (E.D. Mich. May 8, 2013) ("Because Petitioner did not re-file this habeas petition within sixty days of the conclusion of state post-conviction review in this case [in accordance with the stay order] . . . both his original and amended habeas petitions are untimely."); *Taylor v. Brown*, No. 06 Civ. 7675(LTS)(KNF), 2009 WL 2448587 (S.D.N.Y. Jan. 30, 2009) (adopting Report & Recommendation to dismiss petition as untimely); *Johnson v. Girdich*, No. 03 Civ. 5086(LBS), 2006 WL 473886, at *3 (S.D.N.Y. Feb. 27, 2006) ("Petitioner did not comply with the [time] limit imposed by the Court [in the stay order], and because his AEDPA limitations period has lapsed, Petitioner's habeas petition is time-barred."); *Gayle v. N.Y. Supreme Court*, No. 99-CV-7351 (JBW), 2003 WL 21822130, at *2 (E.D.N.Y. July 21, 2003) (dismissing petition as untimely and for failure to prosecute). *Cf. Palmer*, 276 F.3d at 781 (stating that if the timing requirements of a stay order are not met, "'the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed'") (quoting *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Thus, at the expiration of the thirty-day period established by this Court's stay order, the period of mandatory equitable tolling elapsed, the limitations period began to run again, and it expired the next day.

Petitioner seeks a retroactive extension of time to comply with the stay order, but the Supreme Court has made clear that the "the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA." *Rhines*, 544 U.S. at 277. A court issuing a stay must "place reasonable time limits" on the petitioner. *Id.* "Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review." *Id.* at 278. The thirty-day period provided in the stay order gave Petitioner more than ample time

to return to this Court after the Michigan Supreme Court issued its decision, and Petitioner does not contend otherwise. Consequently, Petitioner's motion for an extension of time must be denied.

The stay-and-abeyance procedure established in *Palmer* amounts to a form of "mandatory" equitable tolling of the statute of limitations. *See McMurray v. Scutt*, 136 F. App'x 815, 817 (6th Cir. 2005). Petitioner did not return to this Court within the reasonable time period provided in *Palmer*; thus, he cannot rely on mandatory equitable tolling. Where, as here, "a petitioner fails to qualify for mandatory equitable tolling, he may still qualify for traditional equitable tolling." *Id.* (citing *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) ("*Griffin II*")). To qualify for "traditional" equitable tolling, Petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). Petitioner bears the burden of showing that he is entitled to equitable tolling. *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner has failed to allege any facts or circumstances that would warrant the application of traditional equitable tolling in this case. Petitioner's attorney contends that Petitioner's failure to file a timely motion to lift the stay was the result of "action/inaction by counsel's office[.]" (Mot. for Extension of Time, docket #8, Page ID#57.) The Sixth Circuit has held that equitable tolling does not extend to "garden variety" claims of "excusable neglect" on the part of a litigant's attorney. *Griffin II*, 399 F.3d at 637 (quoting *Irwin v. Dep't of Veterans Affairs*,

498 U.S. 89, 96 (1990)). Thus, Petitioner's asserted reliance upon "action/inaction" by his attorney falls far short of showing that he is entitled to equitable tolling of the statute of limitations.

Petitioner also contends that he is actually innocent of the crimes for which he was convicted, because "he believes that he had the consent of the [victim]," but his trial counsel was ineffective in establishing his innocence and refuting the victim's "carefully coached allegations." (Mot. for Extension of Time, docket #8, Page ID#57.) In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, although Petitioner claims that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. He merely reargues the consent defense rejected by the jury. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). Consequently, the petition is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's action as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the motion for an extension of time and motion to lift the stay be denied. I further recommend that the Court dismiss the action because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: _____         _____
                                      Joseph G. Scoville
                                      U.S. Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).